UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JESSE ROGSTAD,<br><br>                Petitioner,<br><br>vs.<br><br>WARDEN YORDY,<br><br>                Respondent. | Case No. 1:19-cv-00273-REB<br><br>**INITIAL REVIEW ORDER** |

Petitioner Jesse Rogstad (Petitioner) has filed a Petition for Writ of Habeas Corpus challenging his state court conviction. (Dkt. 3.) Federal habeas corpus relief is available to petitioners who are held in custody under a state court judgment that violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a).

The Court is required to review each newly-filed habeas corpus petition to determine whether it is should be served upon the respondent, amended, or summarily dismissed. *See* 28 U.S.C. § 2243. If "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the petition will be summarily dismissed. Rule 4 of the Rules Governing Section 2254 Cases.

Having reviewed the Petition, the Court concludes that Petitioner may not proceed without an explanation of whether this Petition is challenging different convictions and sentences than those presented in Petitioner's earlier-filed habeas corpus matter.

# REVIEW OF PETITION

1. Background

Earlier this year, Petitioner filed a petition for writ of habeas corpus in a different matter, Case No. 1:19-cv-00131-REB (Case 131). In Case 131, Petitioner is challenging convictions of felony injury to jail and a persistent violator sentencing enhancement. These convictions arose from Petitioner's jail incarceration time—where he broke off a fire sprinkler in his cell at the Kootenai County Public Safety Building, causing his cell and the surrounding area to flood. The Petition in this matter (Case 273) does not state which conviction and/or sentence is being challenged. It appears from the Idaho Department of Correction (IDOC) website that Petitioner is confined under only one conviction at this time.

2. Discussion

The Petition in this matter is too vague to permit Petitioner to proceed. Petitioner has inserted questions marks instead of facts in critical places on the habeas corpus petition form. For example, he does not know the case number of his state criminal matter, the date of the judgment, or the date of sentence. He has left the space blank that asks him to identify the crimes of which he was convicted, and so it is unclear which crimes he challenges. (Dkt. 3, pp. 1-2.)

His habeas corpus claim is "illegal charges/sentence." (*Id.*, p. 6.) The supporting facts are "275$ worth of damage only to repair the dang water valve." (*Id.*) This appears to be the same set of facts supporting his earlier Petition filed in Case 131.

Petitioner cannot proceed on two petitions that challenge the same convictions and sentences. Petitioner will be given 21 days in which to file an amended petition in this matter to set forth a challenge to different convictions and/or sentences, or to file a notice of voluntary dismissal. Failure to take action in this case within the deadline period will result in dismissal of this case without further notice.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Application to Proceed in Forma Pauperis (Dkt. 1) is GRANTED.

2. Within 21 days after entry of this Order, Petitioner shall file an amended petition that is intended to replace the original petition in its entirety. Alternatively, Petitioner may file a notice of voluntary dismissal.

3. Failure to take action in this case within the deadline period will result in dismissal of this case without further notice.

DATED: January 9, 2020

Honorable Ronald E. Bush
Chief U. S. Magistrate Judge